

# THE ATTORNEY GENERAL
## OF TEXAS

June 27, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Kent A. Caperton
Chairman
Jurisprudence Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No.   JM-924

Re: Whether section  81(a)(9)
of the  Probate  Code,  which
requires  an applicant    for
probate of a will to disclose
his social   security  number,
conflicts with  section 7  of
the Federal Privacy Act
(RQ-1326)

Dear Senator Caperton:

You request an opinion concerning the constitutionality
of section 81 (a)(9) of the Probate Code, which was  adopted
by House  Bill No.  364 of  the 70th  legislature.   Section
81(a) of the Probate Code now reads in part:

> (a)  For Probate  of  a Written  Will.   A
> written will shall, if within the control  of
> the applicant, be filed with the  application
> for its  probate,  and shall   remain   in   the
> custody of  the county  clerk unless  removed
> therefrom by  order of  a proper   court.   An
> application for  probate  of a  written  will
> shall state:
>
> . . . .
>
> (9)  <u>The social  security  number  of  the
> applicant and of the decedent</u>.
>
> The foregoing matters shall be stated  and
> averred in the application to the extent that
> they are known to the applicant, or can  with
> reasonable diligence be  ascertained by  him,
> and if any of such  matters is not stated  or
> averred in the  application, the  application
> shall set forth the reason why such matter is
> not so stated and averred.  (Emphasis added.)

Acts 1987, 70th Leg., ch. 463, §1, at 4082. The underlined provision was adopted by the 70th legislature. You ask whether this provision is in conflict with section 7 of Public Law 93-579, the Federal Privacy Act.

Section 7 of the Federal Privacy Act states as follows:

> (a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

> (2) the provisions of paragraph (1) of this subsection shall not apply with respect to --

> (A) any disclosure which is required by Federal statute, or

> (B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.

> (b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

Act of Dec. 31, 1974, P.L. 93-579, § 7, 88 Stat. 1905, as amended by Act of June 1, 1977, P.L. 95-38, 91 Stat. 179 (reprinted at 5 U.S.C.A. § 552 historical note).

The adoption of section 7 was prompted by congressional apprehension about the possible development of a national data bank or other information system that would allow speedy retrieval of all personal information about an individual. S. Rep. No. 93-1183, 93d Cong. 2d Sess. reprinted in 1974 U.S. Code Cong. & Admin. News 6916, 6943-44. A common numerical identifier, such as a social security account number, would be an essential feature of such a

system. The social security number had been the common number most used by governmental agencies and private entities in recent years.  Id.

Section 7 prohibits states from denying to an individual "any right, benefit, or privilege provided by law" because of his refusal to disclose his social security number.  Section 7 sets out two exceptions to the prohibition.  Subsection (2)(A) of section 7 permits disclosures required by federal statute.  Section 405(c)(2)(C)(i) of title 42 permits states and political subdivisions to use social security numbers for identification "in the administration of any tax, general public assistance, driver's license, or motor vehicle registration law within its jurisdiction" and to require individuals affected by such laws to furnish their social security numbers to the state.  See also Green v. Philbrook, 576 F.2d 440 (2d Cir. 1978) (federal law requires applicants for and recipients of Aid to Families with Dependent Children to furnish social security numbers).  Section 81(a)(9) was adopted to assist courts to determine the relationships between applicants and decedents and the identity of applicants and decedents.  Bill Analysis, Tex. H.B. 364, 70th Leg. (1987).  The federal statute does not authorize the use of social security numbers for this purpose.  Thus, section 81(a)(9) of the Probate Code is not authorized by section 405(c)(2)(C)(i) of title 42.

Nor is the amended section 81(a)(9) of the Probate Code a statute adopted prior to January 1, 1975.  Therefore, it is not within the exemption found in subsection 2(B) of section 7, which allows the state to require disclosure of social security numbers to an agency in operation before January 1, 1975, if the disclosure was required by a statute adopted before that date.

To the extent section 81(a)(9) of the Probate Code is inconsistent with section 7 of the Federal Privacy Act, it will be invalid under the supremacy clause of the United States Constitution.  U.S. Const. art. VI, cl. 2.  Section 7 of the Privacy Act prohibits a state from denying an individual a right, benefit, or privilege provided by law because of his refusal to disclose his social security account number.  Therefore, an application for probate of a will may not be denied based on the applicant's refusal to supply his own social security number.  The state may request that he disclose his social security number, informing him that the disclosure is voluntary, and providing the other information required by section 7(b) of the Privacy Act.  See generally Yeager v. Hackensack Water Co., 615 F.Supp. 1087 (D.N.J.

1985) (water company acting under state water restriction order could not obtain social security numbers of customers until it complied with disclosure provision of Privacy Act).

We believe that the state may require the applicant to provide the decedent's social security number when applying for probate of the decedent's will. Section 7 of the Privacy Act relates to an individual's right to refuse to disclose his social security number. An "individual" is defined by the Privacy Act as "a citizen of the United States or an alien lawfully admitted for permanent residence." 5 U.S.C.A. §552a(a). These terms describe a living person. The Privacy Act gives an individual certain rights over the disclosure of information concerning him. 5 U.S.C.A. §552a(b). The parent of a minor or a legal guardian of an individual who has been judicially declared incompetent may act on behalf of the individual. 5 U.S.C.A. §552a(h). There is no provision for representation of a deceased person. The absence of such a provision, combined with the definition of "individual" suggests to us that section 7 of the Federal Privacy Act does not apply to the social security numbers of deceased persons. We believe this reading of section 7 is consistent with the congressional purpose of limiting harm to individual privacy through misuse of information systems. As a general rule, an individual's right of privacy lapses upon his death. See Attorney General Opinion H-917 (1976). Based on our reading of the Federal Privacy Act, and in the absence of a contrary federal interpretation of this statute, we conclude that the requirement of Probate Code section 81(a)(9) that applications for probate include the decedent's social security number is not superseded by the federal law and may be followed as written.

### S U M M A R Y

Section 81(a)(9) of the Probate Code is invalid as inconsistent with section 7 of the Federal Privacy Act to the extent that it requires an applicant for probate of a written will to state his social security account number on the application. The applicant may be requested to give his social security number voluntarily if he is provided the following information: whether the disclosure is mandatory or voluntary, by what statutory or other authority the number is sought, and what uses will be made of it. The federal Privacy Act does not prohibit a requirement

that the decedent's social security number  be
included on the application.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

JENNIFER S. RIGGS
Chief, Open Government Section
of the Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General